UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DERLIS JOEL TOALOMBO-PEREZ<br><br>*Petitioner*,<br><br>– against –<br><br>TODD BLANCHE, Attorney General of the United States; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KENNETH GENALO, Field Office Director, ICE New York; and THE WARDEN OF BROOKLY MDC FACILITY, in his or her official capacity,<br><br>*Respondents*. | **<u>MEMORANDUM & ORDER</u>**<br>26-cv-04812 (NCM) |

**NATASHA C. MERLE**, United States District Judge:

Petitioner Derlis Joel Toalombo-Perez is a native of Ecuador who has resided in the United States since 2019. Pet. ¶ 16, ECF No. 1; Declaration of Mincheol So ("So Decl") ¶ 11, ECF No. 6-2. Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") officers on July 23, 2026. So Decl. ¶ 20; *see also* So Decl. at 10–11 (I-205 Warrant).[1] Petitioner was initially detained at Delaney Hall Detention Facility in Newark, New Jersey. So Decl. ¶¶ 22–23. On July 29, 2026, petitioner was transferred to Metropolitan Detention Center ("MDC"). So Decl. ¶ 23.

On August 6, 2026, petitioner filed a petition for a writ of habeas corpus seeking an order requiring respondents to identify the statutory basis for his detention, certify the

[1] Throughout this Order, page numbers for docket filings generally refer to the page numbers assigned in ECF filing headers.

true cause of detention, produce the custody record, and address why petitioner cannot be released under reasonable conditions of supervision. Pet. 18–21.[2] After reviewing the record, the Court concludes that it lacks jurisdiction over the petition. Accordingly, the petition is DISMISSED.

On June 4, 2019, petitioner entered the United States by crossing the southern border in Texas, where he was encountered and arrested by Customs and Border Protection officers. So Decl. 33. Petitioner was found inadmissible and was charged, through a Notice to Appear ("NTA"), inadmissible pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). So Decl. 27–30. ICE served the NTA on petitioner's mother on February 7, 2020. So Decl. ¶ 12.[3]

Between February 7, 2020 and January 23, 2024, petitioner was scheduled to appear at several master calendar hearings.[4] After petitioner failed to appear for his master calendar hearing on January 23, 2024, the immigration court ordered him removed *in absentia*. So Decl. ¶ 17; *see id.* 8; see also Pet. ¶¶ 24, 27. On May 22, 2024, the

---

[2] In his response, petitioner also seeks a declaration that "detention without disclosure of the statutory and factual basis violates due process." Pet.'s Resp. 1, ECF No. 7. But petitioner was provided with the statutory and factual basis for his detention. *See* So Decl. ¶ 21 ("Petitioner was served a Form I-205 Warrant; an Online Detainee Locator System Privacy Notice; a Statement For All Foreign Nationals Except Those from "Mandatory Notification" Countries regarding the right to request that a consular officer be notified; a Form I-229(a) Failure to Depart; Form 1-294 Warning to Alien Ordered Removed or Deported; and a Form 1815 Notice of Fee Assessment Under 8 U.S.C. § 1815."); *see also id.* 10–23 (copies of those forms).

[3] Petitioner was twelve years old at the time he entered the United States and was arrested. So Decl. ¶ 7; see *id.* 33–34, 36. He was referred to the Department of Health and Human Services and eventually placed in the custody of the Office of Refugee Resettlement. So Decl. ¶¶ 8–10. On June 24, 2019, petitioner was released on an Order of Recognizance to the custody of his mother in New York. So Decl. ¶ 11.

[4] One of these hearings was rescheduled, and several were adjourned to give petitioner time to find counsel. So Decl. ¶ 13–16.

immigration court issued an order ordering petitioner removed to Ecuador. So Decl. ¶ 18.[5]

On July 23, 2026, ICE issued a Form I-205 Warrant of Removal based on petitioner's order of removal and, later that day, arrested petitioner in Queens, New York. So Decl. 10; see *id*. 7–9; *see also* Declaration of Michael Charles ("Charles Decl.") ¶ 4. On July 31, 2026, Deportation Officer Michael Charles prepared and submitted a removal packet for petitioner, identifying him for "one-time travel to depart the United States." Charles Decl. ¶¶ 5–6; *see id.* 8, 10. On August 3, 2026, Petitioner was approved for a removal flight scheduled to depart New Jersey for Louisiana on August 11, 2026, and thereafter for a flight from Louisiana to a staging facility in Texas on August 12, 2026. Charles Decl. ¶ 7. Respondents state that once at the staging facility in Texas, petitioner would be scheduled for the next available flight from that facility to Ecuador. Charles Decl. ¶ 7. Moreover, respondents represent that "[t]he sole impediment to [p]etitioner's removal is [the Court's August 10, 2026] order." Gov't Resp. 3, ECF No. 6.

The INA, as relevant here, provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). Moreover, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove a[] [non-citizen] from the United States

5 Petitioner takes issue with the "discrepancy" between the immigration court ordering petitioner removed on January 23, 2024, and the order being issued on May 22, 2024, Pet.'s Resp. 3, but does not explain how that would change the conceded fact that he is subject to a final order of removal, *see* Pet. ¶¶ 27 ("Because no appeal was taken, the order of removal is administratively final."); 31 ("Because [p]etitioner is subject to a final order of removal, his detention appears to be governed by 8 U.S.C. § 1231").

under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Finally, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any [non-citizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [non-citizen] under this chapter." 8 U.S.C. § 1252(g).

Here, petitioner is subject to a final order of removal, *see* 8 C.F.R. § 1241.1(e), and appears to have been "briefly detain[ed] . . . for purposes of effecting that removal." *Diallo v. Joyce*, 817 F. Supp. 3d 202, 208 (S.D.N.Y. 2025).[6] Petitioner does not "challenge[] the manner of his detention," *Lin v. Francis*, No. 25-cv-10001, 2025 WL 3751855, at *3 (S.D.N.Y. Dec. 29, 2025), but rather asks the Court order respondents to disclose "the statutory basis for [his] detention, certify the true cause of detention, produce the custody record, and explain why [he] cannot be released under reasonable conditions of supervision," Pet. 22. Now that respondents have done so, Gov't Resp. 1–3, petitioner "seeks release under an Order of Supervision or other reasonable supervised-release conditions." Pet.'s Resp. 1. But because petitioner has not identified any statutory or constitutional defect with the manner of his arrest and detention, and because respondents have provided documentary evidence that petitioner's removal is imminent, "the substance of th[at] relief," *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011), would "amount[] to an attack on [petitioner's] order of removal," *Mahdawi v. Trump*, 183 F.4th 103, 119 (2d Cir. 2026).[7] "That means that this Court lacks jurisdiction to hear

6 Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

7 The Court expresses no opinion on whether respondents' proffer regarding the imminence of petitioner's removal would have been sufficient had that proffer not

[his] claim[].” *Asylum Seeker Advoc. Project v. Barr*, 409 F. Supp. 3d 221, 226 (S.D.N.Y. 2019).

Mr. Toalombo-Perez’s petition for writ of habeas corpus is DISMISSED for lack of jurisdiction. The Court vacates its prior order, ECF Order dated August 10, 2026, prohibiting respondents from removing petitioner from the United States, and directs respondents to file a letter on the docket by September 25, 2026, confirming petitioner’s removal to Ecuador.

The Clerk of Court is respectfully directed to enter judgment and close the case.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: September 11, 2026
Brooklyn, New York

---

included evidence that petitioner’s removal was in progress prior to the filing of his petition. *See* Charles Decl. ¶ 5–7, *see id.* 10. Additionally, the Court rejects the government’s argument, Gov’t Resp. 9 n.5, that Section 1252 would strip this Court of jurisdiction even if petitioner had identified a statutory or constitutional defect in the manner of his detention. *See Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025) (“The question is not whether *detention* is an action taken to remove an alien but whether *the legal questions* in this case arise from such an action.”); *see also De La Rosa Izaguirre v. Blanche*, No. 26-cv-02911, 2026 WL 2023200, at *9 (E.D.N.Y. July 13, 2026) (collecting cases and concluding that “district courts ha[ve] jurisdiction to consider claims of unlawful arrest and detention arising out of statutory and/or constitutional violations, notwithstanding the limitations of Sections 1252(a)(5) and 1252(b)(9) on district courts’ jurisdiction to consider claims directly or indirectly challenging orders of removal” and observing that, similarly, where a petitioner is “challenging his unlawful arrest and detention, and does not challenge the decision to ‘commence proceedings,’ ‘adjudicate’ his case, or ‘execute’ his removal order. . . . Section 1252(g) is inapplicable.”).